**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **COMMUNITY ASSOCIATION** | ) | **CIVIL ACTION NO.** |
| **UNDERWRITERS OF AMERICA,** | ) | **3:20-CV-00327-AWT** |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TORRINGTON WATER COMPANY** | ) | |
| **Defendant** | ) | |
| | ) | **AUGUST 4, 2020** |

## PLAINTIFF'S RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                                    March 12, 2020

Date Complaint Served:                                 March 27, 2020

Date of Defendant's Appearance:                  Attorney Thomas R. Gerarde appeared on behalf of Torrington Water Company on April 21, 2020.

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July 20, 2020.  The participants were: Attorney Benjamin Wharton for the Plaintiff and Attorney Thomas Gerarde for the Defendant.

## I.    CERTIFICATION

The undersigned counsel, after consultation with their clients, and any self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and possibility for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   **Subject Matter Jurisdiction**

Jurisdiction is asserted under 28 U.S.C. § 1332(a)(1) as this action involved a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

### B.   **Personal Jurisdiction**

Personal Jurisdiction is not at issue in this case.

## III.   BRIEF DESCRIPTION OF CASE

### A.   Claims of Plaintiff

Plaintiff alleges a count of Negligence against Torrington Water Company in connection with a break and over-pressurization of a water main, causing at least 20 water heaters in units at the Country Woods Condominiums to malfunction and flood. Plaintiff seeks an excess of $150,000 in damages, plus interest and delay damages.

### B.   Defenses and Claims of Defendant Torrington Water Company.

Torrington Water Company denies any and all claims, including those for any and all damages, made by the Plaintiff.  Also see Defendant's report.

### C.   Defenses and Claims of Third-Party Defendants

Not applicable.

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. On or about October 17, 2019, a water main ruptured in the City of Torrington.

## V.   PLAINTIFF'S PROPOSED CASE MANAGEMENT PLAN

### A.   Initial Disclosures

Initial disclosures will be served by August 6, 2020.

### B.   Scheduling Conference with the Court

1.   The parties request to be excused from holding a pretrial conference with the court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.   The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C.   Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.   Parties do not request an early settlement conference.

3.   The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

3

D.  Joinder of Parties, Amendment of Pleadings and Motions Addressed to the

Pleadings

The parties have discussed any perceived defects in the pleadings and have

reached the following agreements for resolution of any issue related to the sufficiency of

the pleadings.

1.  Plaintiff should be allowed until September 1, 2020 to file motions to

join additional parties and until September 1, 2020 to file motions to amend the pleadings.

Motions filed after the foregoing dates will require, in addition to any other requirements

under the applicable rules, a showing of good cause for the delay.

2.  Defendant should be allowed until September 30, 2020 to file

motions to join additional parties and until September 30, 2020 to file a response to any

amended Complaint.  Motions filed after the foregoing dates will require, in addition to

any other requirements under the applicable rules, a showing of good cause for the delay.

E.  Discovery

a.  Recognizing that the precise contours of the case, including the

amounts of damages at issue, if any, may not be clear at this point in the case, in

making the proposals below concerning discovery, the parties have considered the

scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). Additionally, the schedule

contemplates a later start to discovery due to COVID-19 issues and the impact on the

parties.

b.  The parties anticipate that discovery will be needed on the following

subjects: a) the allegations of the Complaint; b) conduct of the Plaintiff; c) conduct of the

4

Defendant; d) approval process for Plaintiff's Country Woods Condominium building; and e) plaintiff's damages.

      c.      All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by September 1, 2020 and completed (not propounded) by March 29, 2021.

      d.      Discovery will be conducted in phases.

      e.      Fact discovery completed by December 30, 2020.  Expert discovery completed by March 29, 2021.

      f.      The parties anticipate that the plaintiff will require a total of up to six depositions of fact witnesses and the defendant will require a total of four depositions of fact witnesses.  The depositions of fact witnesses will commence on or after September 1, 2020 and be completed by December 30, 2020.

      g.      The parties will not request permission to serve more than 25 interrogatories.

      h.      Plaintiff does intend to call expert witnesses at trial.  Defendant does intend to call expert witnesses at trial.

      i.      Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 13, 2021.  Depositions of any such experts will be completed by March 29, 2021.

      j.      Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 12, 2021.  Depositions of any such experts will be completed by March 29, 2021.

k.      A damage analysis will be provided by any party who has a claim or counterclaim for damages by December 30, 2020.

l.      Undersigned counsel, after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Neither party will delete any electronically stored information relevant to this action and will include .pdf format copies as part of their Rule 26a disclosures.

m.      Undersigned counsel, after consultation with their clients, and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information: Such information will be disclosed in .pdf format.

n.      Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production. The

6

parties agree to the following procedures for asserting claims of privilege after production. Each party will use best efforts to identify privileged or work-production documents and will assert claims of privilege before production with a reservation of right to assert the claim post-production for good cause shown. Upon a post-production claim of privilege, their parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

### F.    Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case (e.g. class certification, claim construction):

### G.    Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before April 28, 2021.

### H.    Joint Trial Memo

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 28, 2021 or within sixty (60) days of the ruling on any dispositive motions, whichever is later.


## VI.    TRIAL READINESS

The case will be ready for trial by June 28, 2021 or thirty (30) days from submission of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

7

PLAINTIFF,
COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.

BY: _____

Sharon Baldwin, Esq.
Blackburn & Donnelly, LLC
Post Office Box 608
Windsor Locks, CT 06096
(860) 292-1116
Sharon@sgblackburn.com
Fed. Juris No. CT29481

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **COMMUNITY ASSOCIATION** ) | **CIVIL ACTION NO.** |
| **UNDERWRITERS OF AMERICA,** ) | **3:20-CV-00327-AWT** |
|    **Plaintiff** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TORRINGTON WATER COMPANY** ) | |
|    **Defendant** ) | |
| ) | **AUGUST 4, 2020** |

## CERTIFICATE OF SERVICE

I, Sharon Baldwin, hereby certify that a true and correct copy of the Plaintiff's Rule

26(f) Report was served on August 4, 2020, upon counsel listed below by electronic

mail.

**THE PLAINTIFF,**

BY: /s/Sharon Baldwin    #ct29481
Sharon Baldwin, Esq.
Blackburn & Donnelly, LLC
P.O. Box 608
Windsor Locks, CT  06096
(860) 292-1116
sharon@sgblackburn.com

10